IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATTY SKARBEK, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] | : | No. 21-1243 |
|     Defendant. | : | |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                                                                                                           **January 24, 2022**
**U.S. Magistrate Judge**

      Plaintiff Patty Skarbek alleges the Administrative Law Judge ("ALJ") erred in denying her Supplemental Social Security Income ("SSI") benefits by improperly weighing both the medical opinion evidence and her testimony about limitations from vertigo, fatigue, and brain fog. Pl. Br. (doc. 13) at 4-6. As explained below, I deny Skarbek's claims.[2]

      Skarbek alleges she is unable to work due to fatigue, brain fog, and vertigo caused by Meniere's Disease. R. at 29-30. She acknowledges her symptoms are episodic, but contends her impairment renders her able to function only two days per week. Id. at 31. The ALJ, however, cited substantial evidence in support of his Residual Functional Capacity ("RFC") assessment,[3] and I may not "re-weigh the evidence or impose [my] own factual determinations." Chandler v.

---

[1]     Pursuant to Fed. R. Civ. P. 25(d) and 42 U.S.C. § 405(g), Kijakazi was automatically substituted into cases brought against the Commissioner upon his appointment.

[2]     Skarbek consented to my jurisdiction on May 13, 2021 (doc. 7), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018). See also Roell v. Withrow, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

[3]     A claimant's RFC reflects "the most [she] can still do [in a work setting] despite [her] limitations." 20 C.F.R. § 416.945(a).

Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

I.        <u>Reported Severity and Medical Opinion Evidence</u>

Skarbek claims the ALJ overestimated her RFC because he improperly weighed her subjective statements, which she claims were supported by her treating provider's medical opinion.  Pl. Br. at 6.

I must accept all ALJ findings of fact that are supported by substantial evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Morales v. Apfel</u>, 225 F.3d 310, 316 (3d Cir. 2000); <u>see also</u> 42 U.S.C. § 405(g); <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 553 (3d Cir. 2005) (substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence").  I "review the record as a whole to determine whether substantial evidence supports a factual finding," <u>Zirnsak v. Colvin</u>, 777 F.3d 607, 610 (3d Cir. 2014), and remand is appropriate only if ALJ error affected the outcome of the case, <u>see</u> <u>Rutherford</u>, 399 F.3d at 553.

The ALJ was not required to credit Skarbek's subjective complaints.  <u>See</u> <u>Chandler</u>, 667 F.3d at 362.  Instead, his assessment of Skarbek's subjective symptoms required a two-step process.  20 C.F.R. § 416.929; SSR 16-3P, 2016 WL 1119029, at *3–4.  First, Skarbek had to establish a medically determinable impairment capable of causing the alleged symptoms.  20 C.F.R. § 416.929(b).  Second, the ALJ had to evaluate the intensity and persistence of the symptoms in light of the available evidence and determine the extent to which they limited her ability to work.  <u>Id.</u> § 416.929(c)(3).  He was required to determine whether Skarbek's reported symptoms are "consistent with the objective medical evidence and other evidence of record," SSR 16-3p, 2016 WL 1119029, at *7, and support his analysis with substantial evidence, <u>see, e.g.</u>, <u>Roth v. Berryhill</u>, No. 17-1875, 2019 WL 1417196, at *8 (M.D. Pa. Mar. 13, 2019)

(affirming ALJ decision where subjective symptom analysis was supported by substantial evidence); Fligger v. Berryhill, No. 17-1187, 2018 WL 6338328, at *1 n.1 (W.D. Pa. Sept. 20, 2018).

Because Skarbek filed her claim after March 27, 2017, she identified the wrong legal standard for consideration of treating physician opinions. Pl. Br. at 6; see 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (treating medical source opinions regarding claims filed on or after March 27, 2017 are not subject to the "treating physician rule" in 20 C.F.R. § 416.920, but are instead evaluated under 20 C.F.R. § 416.920c). Under the new standards, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Although the new regulation lists the same host of considerations to weigh a medical opinion as the former regulation, the most important considerations, and the only considerations ALJs must articulate, are the "consistency" and "supportability" of the opinions based on the record evidence. Id. § 416.920c(b)(2); see Quinn v. Saul, No. 20-813, 2021 WL 1695186, at *6 (M.D. Pa. Apr. 29, 2021) (describing new legal standard).

The opinion Skarbek claims supports her allegations is from the specialist who treats her Meniere's disease, Dr. Watson. Pl. Br. at 4 (citing R. at 349). The ALJ did not describe this one-page letter as a treating medical opinion. R. at 17. Instead, he accepted Dr. Watson's assertions regarding the kinds of symptoms that can be ascribed to Meniere's disease generally as well as his assertions that Skarbek experiences bouts of vertigo and hearing loss. Id. Nevertheless, the ALJ concluded that Skarbek's allegations regarding the "intensity and persistence" of those symptoms were "not well supported by the record as a whole." Id. at 18.

The ALJ explained that Skarbek's physical examinations were "largely unremarkable,"

because they showed she was "well developed, well nourished, and in no acute distress, with intact gait and no focal neurological deficits." Id. (citing id. at 396 (6/27/17 exam normal), 399-400 (10/27/17 exam normal), 403-04 (4/11/18 exam normal and history notes denial of "mood changes or memory loss"), 408 (6/14 18 exam normal), 423 (6/26/18 exam normal), 425 (7/25/17 exam normal except for stiff neck), 426 (2/17/17 exam normal), 467 (10/11/19 exam normal), 471 (3/12/18 exam normal except for "slight" neck tenderness), 473 (12/5/17 neuro and psych exams normal, physical exam normal except for signs of a cold), 475 (10/16/17 exam normal), 479 (4/25/17 exam normal)). He also noted that her allegations of "brain fog" were not supported by examinations which showed her memory and concentration were "largely intact," and that she did not require any "assistive devices." Id.; see also id. at 285 (function report only assistive device is glasses she has worn for 20 years), 403-04 (memory normal by report and on exam). Finally, the ALJ noted that the hearing loss documented in Skarbek's audiology reports was accommodated in his RFC, which limited her exposure to loud sound. Id. (citing 444 (6/14/19 audiology tests showing reduced hearing in left ear); but see id. at 445 (2/17/17 audiology tests showing normal hearing in both ears). Because Dr. Watson's letter does not assess the severity of Skarbek's symptoms or rate the functional effects of her impairment, there is no evidence that it was not fully accommodated by the ALJ's RFC. Compare id. at 16, 349.

      There are no "magic words" needed to meet regulatory standards. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). The ALJ met his regulatory duty to assess the consistency and supportability of Dr. Watson's assertions and support his RFC with substantial evidence. 20 C.F.R. § 416.920c(b)(2); Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) ("whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary

sufficiency is not high").[4]  "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ]'s decision so long as the record provides substantial support for" it.  Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 763–64 (3d Cir. 2009).

      An appropriate Order accompanies this opinion.

---

[4]  The Commissioner argues Dr. Watson's letter does not qualify as a medical opinion because it does not specifically opine as to Skarbek's functional limitations.  Def. Br. (doc. 14) at 8-9.  The one-page letter does note, however, that Skarbek suffers from hearing loss, and by stating she "also" experiences this loss, it asserts she is one of the usual Meniere patients who experiences "bouts of vertigo" as well.  R. at 349.  The letter then says that, "[w]hen attacks occur patients can have severe vertigo associated with nausea and vomiting and the inability to walk straight or drive safely."  Id.  By noting that Skarbek experiences bouts of vertigo and then asserting that patients experiencing vertigo can be limited in their ability to walk straight or drive safely, Dr. Watson opines that Skarbek experiences limitations in her ability to walk straight and drive safely.  This letter qualifies as a medical opinion because walking and driving are the kind of potential work functions referenced in the regulation defining medical opinions.  20 C.F.R. § 416.920c(b)(2).